# HIRAM COOLEY
## *v.*
## JACOB P. WILLARD *et al.*

1. AGENCY — *authority to act.* A person may be the agent of another to loan money, and yet not his agent to collect money. Where a person loans money for another, takes a note, a warrant of attorney to confess judgment, and a deed of trust on land as security, and the debtor pays installments of interest to him, and he to the payee of the note, but there is no evidence that the person so acting ever collected other moneys for the payee, it may be inferred that he was the agent to loan money, but it cannot be inferred that he was an agent to collect.

Cooley v. Willard et al.

2. SAME — *want of authority.* The payment of the note to the person thus professing to act as agent, is at the peril of the debtor; and he must see that the professed agent has authority to receive it; and if the person to whom he pays the money fails to pay it to the holder of the note, the loss must fall upon the debtor; and a court of equity will not enjoin the collection of a judgment confessed upon the note.

APPEAL from the Circuit Court of Will county; the Hon. JESSE O. NORTON, Judge, presiding.

This was a bill in chancery, filed in the Circuit Court of Will county, by Hiram Cooley against Jacob P. Willard and Alonzo Leach, to enjoin the collection of a judgment confessed on a power of attorney, against complainant and in favor of defendant Willard.

The bill charges that on the 22d Oct., 1858, the complainant, Cooley, borrowed of defendant, Willard, the sum of eight hundred dollars, for which he gave his note and power of attorney to confess judgment, payable to Willard or order one year after date; to secure which he executed a deed of trust to Woodward, as trustee, of certain lands in Will county, Illinois; that the loan was made by Woodward on behalf of Willard, at Joliet, Ill., and that Woodward was Willard's agent to transact all the business connected therewith; that on Oct. 22d, 1860, a year after the *maturity* of the note, Cooley paid Willard eight hundred dollars and six months interest thereon, at Joliet, in full satisfaction of the note, and obtained from him a release of the trust deed, and a re-conveyance of the land; that he did not get the note, and that Woodward, on being asked, in a subsequent part of the day, where it was, replied: "In Chicago," — that he would *get* it, and send it to Cooley; that in November, 1860, Willard caused judgment to be entered by confession on the note, and an execution to be issued thereon on the 13th November following, and levied on said land, and that Leach, the sheriff, was about to sell the same.

The prayer of the bill is, that Willard may be decreed to deliver up the note and power of attorney to Cooley, to be

cancelled, and be enjoined from collecting the judgment, and be decreed to cancel the same.

The answer of Willard wholly denies the agency.

Willard there says that he purchased the note of Woodward at Chicago, on his representations that it was well secured, &c., and gave him the money therefor; that all the transactions between Woodward and himself were of the nature of a purchase of securities, and in no instance did he give Woodward money to loan, or make him his agent therefor. He admits the entry of the judgment; but says that it was not done until he had notified Cooley by letter, several times, that he should take the judgment if the note was not paid.

This is the note given by Cooley and out of which this controversy originates:

$800. CHICAGO, Oct. 23, 1858.

One year after date, for value received, I promise to pay to Jacob P. Willard or order, the sum of eight hundred dollars with interest at the rate of ten per cent per annum, payable semi-annually, at the office of P. Woodward in Chicago.

HIRAM COOLEY.

The following are the indorsements upon the back of the note:

Received April 29, 1859, of H. Cooley, by the hands of P. Woodward, forty dollars, six months interest on the within note.

$40. JACOB P. WILLARD.

Received Oct. 27th, 1859, of H. Cooley, by the hands of P. Woodward, forty dollars, six months interest on the within note.

JACOB P. WILLARD.

Received May 2d, 1860, of H. Cooley, by the hands of P. Woodward, forty dollars, six months interest on the within loan.

The default of defendant Leach, the sheriff, was entered, and the bill taken as confessed as to him.

At the May term, 1863, the cause came on to be heard, on bill answer, replication and proofs; and the court rendered a decree dissolving the injunction and dismissing the bill. Complainant thereupon prayed an appeal which was granted, and the cause is brought to this court, to reverse the decree, and complainant assigns for error; the decree dissolving the injunction, the refusal to decree that Willard cancel the note and judgment, in refusing to make the injunction perpetual, the refusal of the court to vacate the judgment and make it void, and to quash the execution, and that the decree is contrary to equity.

The facts sufficiently appear in the opinion of the court for a proper understanding of the case; the evidence is, therefore, omitted in the statement of the case.

Messrs. SNAPP & BRECKENRIDGE, for the appellant.

1. If a man has *usually* or *frequently* employed another to do *certain acts* for him or has *usually ratified* such acts, *when done for him by that person*, the person becomes, by such employment or ratification, his implied or general agent to do such business. 1 Vol. American Leading Cases, Hare & Wallace notes, pp. 550–1–2; *Whitehead* v. *Tuckett*, 15 East, pp. 400, 508; *Schimmelpennich et al.* v. *Bayard et al.* 1 Peters, 264, 290; *Ward* v. *Williams*, 26 Ill. 447; 15 John. 44, 54; *Johnson* v. *Jones*, 4 Barb. 369, 373, 2 Green. Ev. § 65–6; 1 Black. Com. 430; Story on Agency, § 56; Story on Agency, § § 92–5, 127–8, 260, 443; 4 Denio, 166; 11 Barb. 36.

2. Willard having himself recognized Woodward as his agent by receiving those payments from him as they fell due on the note, is not permitted to deny the relation to the injury of third persons, who dealt with Woodward. 2 Green. Ev. § 65; 2 Kent's Com. 614–5.

3. A *single* payment, without disapprobation, for what a servant bought on credit, has been deemed equivalent to a *direction to trust him in future.* 2 Green. Ev. § 65; Story on Agency, § 56; *Beyan* v. *Jackson*, 4 Conn. 291; 1 Blk. Comm. 430; 12 Johns. 300; 2 Kent's Com. 615.

4.   By permitting another to hold himself out to the world as his agent, the principal adopts his acts, and will be held bound to the person who gives credit thereafter to the other in the capacity of his agent.   2 Kent's Com. 614–5–6.

5.   That having paid the full amount of the note once to the agent of Willard, that is payment to the principal.

6.   That having paid the full amount of the note, and Woodward, the trustee of Willard, having released and reconveyed the land described in trust deed, that paid the debt.

7.   That upon the proofs it is conclusive that Cooley has paid the amount due on the note, and that the judgment entered by confession is a nullity, and that it ought to be forever enjoined.

Mr. George F. Bailey, for the appellee.

1.   If it were admitted that Wood was Willard's agent to loan money — and this is all that is charged in the bill, and clearly more than is supported by the evidence — the delivery of the money to Cooley could not be treated as a payment to Willard.

An agent to loan money is not, by force of such employment, an agent to receive payment on a return of the money loaned. The agency ceases with the particular employment for which it is created.   Story on Agency, § 98, 103 ; Dunlap's Paley on Agency, 274.

2.   And the rule is, although the security has for a time after the loan been left with the agent and then withdrawn, and payments of interest, and principal even, have been made to him while he had possession.

The withdrawal is a revocation of the agency, and puts the maker on his guard.   Such payments as are made while the agent has possession, although misapplied, are good against the owner.   Those made after the security is withdrawn, are good only against the agent, unless they reach the hands of the principal.   Dunlap's Paley on Agency, 274, and n., *et seq. ;* *Whitlock* v. *Waltham* 1 Salk. 157 ; Story on Agency, §§ 98, 104 ; Edw. on Bills, 537 ; *Williams* v. *Walker,* 2 Sandf. Ch.

325; *Mathews* v. *Haydon,* 2 Esp. 510: 10 Wend. 492; Am. L. Reg., vol. 2, No. 12, N. S.; 2 Brockenb. 422.

3. No question can arise as to the regularity of the proceedings in entering judgment.

No such question is presented by the allegations in the bill. The ground of complaint is solely that judgment was entered after the note was paid.

The proceedings and record of the suit in Will county, in which the judgment was obtained, were not in evidence in this case, and form no part of the record in it.

The judgment cannot be attacked collaterally. The proper mode of testing the regularity of the judgment, is by writ of error on the law side of the court.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the court:

This bill was exhibited to enjoin the collection of a judgment upon a note alleged to have been previously paid, and to compel the note and deed of trust given to secure its payment to be surrendered to complainant. It appears that Paschal Woodward, acting for appellee, loaned to appellant the money, took his note, with a power of attorney to confess a judgment in case of a default in its payment, and also a deed of trust on real estate as security for the sum thus loaned. It likewise appears from the evidence that appellant paid the several installments of interest, as they fell due, to Woodward, who paid them to appellee, who indorsed them upon the note as paid by the hands of Woodward. Appellant, at the maturity of the note, paid the entire sum necessary for its satisfaction to Woodward, who agreed to get the note and deliver it to him. But he never did, nor did he pay the money to appellee.

There is no proof that Woodward was authorized to receive this money, but that was attempted to be shown by proof that he was appellee's general agent. The witness, S. W. Woodward, testified that it was his impression that Paschal Woodward loaned and collected money for appellee, in numerous instances. He was, however, only able to give the names

of persons to whom he had loaned money, but could name no person of whom he had made collections, except appellant. Appellee denies such authority by his answer, and we think this evidence fails to establish such authority. It may show a general agency to loan money and take securities for its payment, but not to collect for appellee. The fact that he received the money of appellant and paid it to appellee, is as much evidence that he was the agent of the former as the latter.

Nor can it be inferred, because the power of attorney and the deed of trust were given to Woodward, that he was empowered to collect the money. Such is not claimed to be the effect of such instruments, unless it is so expressed in them. Appellant having entrusted Woodward with the money, if designed as a payment, he should have looked to his authority before he gave him the money, and if he had no such authority the risk was his, and not appellee's. Had he called for and insisted upon the production of the note, he would have learned that it was not in Woodward's possession, which would have been sufficient to put him upon his guard. It is a familiar rule, that where one of two innocent persons must suffer loss, through the wrong of another, the party who enabled the person to commit the wrong must sustain the injury. In this case appellant enabled Woodward to appropriate this money to his own use, and failed to see whether he was authorized to receive it, and must, therefore, submit to the loss. No reason is perceived for reversing the decree of the court below, and it is therefore modified, so as to dismiss the complainant's bill without prejudice, and, as modified, the decree is affirmed.

*Decree modified.*