ANNA VISKOCIL

v.

MARTIN DOKTOR ET AL.

*Trust Deeds—Agency—Payment to Broker—Bill to Have Trust Deed and Notes Canceled—Custom.*

Viskocil v. Doktor.

Upon a bill filed to have a trust deed and the notes secured thereby delivered up to be canceled, it is *held:* That the broker from whom the defendant purchased the notes in question, was not her agent to receive payment, such notes not having been left with him; and that she is not bound by his fraudulent representations not made in her presence.

[Opinion filed September 18, 1888.]

Appeal from the Superior Court of Cook County; the Hon. Egbert Jamieson, Judge, presiding.

Bill in equity filed by appellees against appellant and Josef Matousek, praying that a deed of trust which was executed by complainants to Matousek, conveying to him a certain lot in Chicago, to secure a loan of $500, may be declared a cloud on complainants' title to said lot; that the trust deed and the notes secured thereby may be delivered up to be canceled. The facts are that Charles Drabek in November, 1883, was a loan agent in Chicago, and as such agent on November 2, 1883, loaned to appellees $500, which was the money of Jan and Katerina Wacha. The principal and interest notes were made payable to them, and the trust deed to secure the notes ran to Matousek as trustee. The notes were left in the hands of Drabek until the appellant purchased them, at which time she, or her brother for her, took possession of them, and whenever interest became due she received it from Drabek, as the notes were payable at his office, and left with him the matured interest note. In November, 1885, the principal note became due and was extended for two years, new interest notes being executed, Drabek attending to the transaction, the appellant, Viskocil, and appellees not meeting or knowing each other at the time. Before the two years extension terminated appellees paid the entire amount of the principal and interest to Drabek, although he did not have possession of the principal or last two interest notes. In April, 1887, appellees discovered that appellant held the three notes last mentioned and filed this bill for relief as stated.

On final hearing the court entered a decree as prayed for in the bill, from which appellant prayed an appeal.

Messrs. GOLDZIER & RODGERS, for appellant.

Appellees could not have been forced to make payment to any one unless he had these notes, even if they were due, and if they voluntarily made it, they did so at their own peril.

Where payment is due on a written instrument it is the duty of the debtor to call for its production.  Dunlap's Paley on Agency, p. 274; Wheeler v. Guild, 20 Pick. 545.

And a payment made before maturity is made at the peril of party paying.    Story on Bills and Notes, p. 214.

And even where an agent has authority to collect on negotiable instruments this does not imply an authority to collect before due.    Story on Agency, Secs. 98 and 104; Austin v. Thorp, 30 Ia. 376.

Messrs. JONES & LUSK, for appellees.

We maintain that the testimony of the appellant taken alone is sufficient to show that Drabek was her general financial agent; that she did all her financial business through him; that she had loaned money through him and to him, and that she had deposited money with him, even to her last cent; that she was satisfied when he told her that "she should be satisfied; that everything is in good order."

We respectfully refer to the case of Hurd v. Marple, 10 Ill. App. 421, in which the court say:  "By placing the money in his hands to loan without any restrictions or limitations upon his authority made known to third persons, appellee constituted him her general agent in that behalf."

If, therefore, Drabek was appellant's general agent in this case, he had full power to collect, extend time, collect before due, or, in short, do anything the appellant could have done.

Drabek certainly had the right to collect the notes.   Her ratification of his acts in collecting the coupons would invest him with full power to collect the principal note; and we have shown, in addition, that such is the universal custom among agents of that kind, when a note is specifically made payable at the agent's office.   When such a custom exists the presumption is that both parties are acquainted with it.   U. S. Life Ins. Co. v. Advance Co., 80 Ill. 549; Thompson v. Elliott, 73 Ill. 221.

Garnett, J.   When appellant purchased the notes in question she took them from Drabek and kept them.   At the maturity of an interest note she presented it for payment, in a business-like manner, at his office, where it was payable, and received her money.

He was not her agent, at any time, in respect to the making or collection of the principal or interest on this loan.   Any payment made to him after she took possession of the notes was made at the peril of the parties paying.   That she had other transactions with Drabek and had money deposited with him is not of the slightest importance.   His fraudulent representations to appellees, not made in the presence of appellant, can not, by any known rule of law, operate to her disadvantage.

If Drabek had made the original loan for appellant, and as her agent, still he would have had no right to receive principal or interest, except where a note was left with him so as to give him apparent authority.   Cooley v. Willard et al., 34 Ill. 68; Stiger v. Bent, 111 Ill. 328; Thompson et al. v. Elliott, 73 Ill. 221.

The evidence introduced by appellees to prove a custom authorizing Drabek to collect the notes has no bearing on this case.   The proof had no tendency to prove such a custom as would avail the appellees on the undisputed facts shown in this record.

The decree of the Superior Court is reversed and the cause is remanded.

*Reversed and remanded.*