Henry Ortmeier v. Patrick Ivory.

109   361
a208s 577

1. PRINCIPAL AND AGENT—*Position of Broker Placing a Loan.*— Ortmeier applied to Rowley for a loan. Rowley prepared the note and mortgage, which were executed by Ortmeier and his wife and the sum of $1,200 paid over, Ortmeier paying Rowley for his services. Rowley then took the note and mortgage to Ivory, who had previously asked him to place $1,200, and Ivory paid Rowley $1,200 and received the note and mortgage, which were never afterward in Rowley's hands. Ortmeier, by Rowley's directions, paid his interest and principal to Rowley. Afterward at different times Ortmeier remitted to Rowley funds sufficient to pay off the entire principal and interest, but Rowley failed to pay any of the principal to Ivory. Ortmeier never called for the note or mortgage when he made payments, nor did he ever inquire for Ivory, his creditor. *Held,* that Rowley was not Ivory's agent to collect any part of the money, and that there was nothing to justify Ortmeier in believing that Ivory had authorized Rowley to receive payments.

2. SAME—*Authority to Make Loan Does Not Establish Authority to Collect It.*—Authority to make a loan does not establish authority to collect it.

3. SAME—*When Authority to Receive Payment May be Inferred.*— Where the agent has possession of the note after it is due, authority to receive payment may be inferred, but in such case the debtor who makes payment to the agent in reliance upon an inference that he has authority to receive it must show that the note was in the agent's possession when the payment was made.

4. MAXIMS—*De Minimis Non Curat Lex.*—The court generally will not reverse a decree when the value of the amount in dispute is too small to merit a second examination.

Bill to Foreclose a Mortgage.—Appeal from the Circuit Court of Jo Daviess County; the Hon. JAMES S. BAUME, Judge presiding. Heard in this court at the April term, 1903. Affirmed. Opinion filed June 8, 1903.

M. H. CLEARY, attorney for appellant.

SHEEAN & SHEEAN, attorneys for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

On September 26, 1901, Patrick Ivory filed a bill in the court below to foreclose a mortgage upon certain lands in Jo Daviess county. He made defendants Henry Ortmeier, the maker of the note secured by said mortgage, and his

wife, Lotta, who signed the mortgage with him, and August Gerke and Herman Jansen. The note was dated May 4, 1894, was for the principal sum of $1,200, payable to the order of Patrick Ivory at the Galena National Bank three years after date, with interest at six per cent per annum, payable annually. The bill averred the principal was unpaid, and the interest which matured May 4, 1901. The answer of the Ortmeiers and Gerke alleged payment by Ortmeier of $700 of the principal on May 3, 1899, and payment in February, 1900, of the remaining $500 of the principal of said note, besides all interest, and that said payments were made to Louis A. Rowley, and that Rowley was the agent of said Patrick Ivory, duly authorized to receive payment of said note. The answer also alleged that when the last payment was made, Rowley, knowing that Ortmeier was negotiating a sale of the mortgaged lands, gave Ortmeier a certified abstract of the title of said lands showing said mortgage to Ivory "satisfied by payee" upon the county record, and that Gerke, relying upon the representations in said abstract, bought the lands from Ortmeier and paid a large sum therefor and afterward expended a large sum in improving said property. Defendant Jansen in his answer set up the same payments and the same abstract, and that afterward Gerke mortgaged the premises to Jansen to secure a loan of $3,400 still unpaid, and that to induce Jansen to make said loan Gerke exhibited said abstract to Jansen, and Jansen relied upon the representations in said abstract in making said loan. After the cause had been heard and while it was under advisement, Gerke died, testate, and Ivory filed a supplemental bill, bringing in his devisees and his executor, and they answered, the adults adopting the answer previously filed by Gerke, and the minors submitting their interests to the protection of the court by a guardian *ad litem*. Afterward proof was heard as to the death and will of Gerke. Thereafter a decree of foreclosure was entered, from which Ortmeier prosecutes this appeal.

In the spring of 1894 Ortmeier had to pay off a prior

mortgage on his farm, and came to Galena to borrow money for that purpose. He told a drayman whom he met that he would like to find a man who had money to loan, and the drayman sent him to Rowley. Rowley told Ortmeier he would see if he could let him have the money, and went out. We conclude from the proofs he went to the court house or to an abstract office to look up Ortmeier's title. Several loans by Ivory had been put out through Rowley in preceding years, and about this time, or a few days before, Ivory met Rowley on the street and asked Rowley to find a place for $1,200, and Rowley said he might in a few days. Ivory testified he had no recollection he had any further conversation with Rowley till Rowley presented Ortmeier's note and mortgage. We conclude, therefore, Rowley did not leave Ortmeier to see Ivory, but to look up Ortmeier's title. Rowley returned to his office, drew the note and mortgage in question and gave them to Ortmeier, who took them home, and they were executed and acknowledged by himself and wife before a justice. Then Ortmeier and Rowley met at Freeport, where the prior mortgage was to be paid. Rowley there paid over the $1,200 and the prior mortgage was paid off, and the new note and mortgage were delivered to Rowley. Ortmeier paid Rowley for his services. Rowley gave his business card to Ortmeier, and told Ortmeier when he sent any interest or principal to send it to him. According to the proof the money paid by Rowley was not Ivory's but was either Rowley's money or money Rowley had obtained elsewhere for that temporary purpose. Rowley returned to Galena, presented the note and mortgage to Ivory, told Ivory Ortmeier's title was perfect, and Ivory paid Rowley $1,200, and received the note and mortgage. They were never afterward in the possession of Rowley. Each year thereafter for four years Ortmeier sent or brought the annual interest on this note to Rowley, and Rowley paid it to Ivory or to one of Ivory's sons. On each occasion but one, when Rowley paid the interest he called for the note, and indorsed the payment of the interest on the back of

the note, and on that one occasion Rowley paid the money to a son of Ivory and urged him to indorse the payment, and afterward inquired to ascertain he had done so.  Each year Rowley sent or gave Ortmeier a receipt for the payment.  Some of these receipts are lost.  One bore the signature "Patrick Ivory" written by Ivory's son when he received the interest from Rowley, and another "Patrick Ivory, per R.," which signature was written by Rowley.  At one time Ivory sent word to Rowley to write to Ortmeier, and tell him the interest was due.  Ortmeier testified he was so notified by Rowley two or three times.  One of these letters from Rowley to Ortmeier was under date of June 2, 1898, and was as follows :

"Mr. Ivory informs me that your interest is long past due.  Will you please attend to the matter at once."

On April 29, 1899, Ortmeier sent Rowley $772, of which $72 was the annual interest due on May 4th following, and $700 was intended to apply on the principal.  Rowley wrote Ortmeier a letter dated May 3, 1899, acknowledging the remittance, and said he would have it indorsed on the note, and that Ortmeier could keep the balance till May, 1900.  Rowley did not pay the $700 to Ivory, but only the interest.  On February 20, 1900, Ortmeier went to Rowley's office and told Rowley he wanted to pay this note.  Rowley figured that the interest on the $500 would be $23.25, and Ortmeier paid Rowley $523.25.  The note and mortgage were not present.  Rowley told Ortmeier "I will get your papers."  Then Rowley suggested that as Ortmeier was about selling out and moving to another county he had better leave his papers there till after he moved.  Ortmeier assented.  Rowley gave Ortmeier his personal receipt for this payment, specifying it was in full of Ivory's note.  That receipt was lost.  Rowley then drew a deed from Ortmeier to Gerke, for which service Ortmeier paid Rowley.  Rowley also prepared an abstract of the land, showing the Ivory mortgage "satisfied by payee," and sent it to Ortmeier, and Gerke paid Rowley for that service.  Rowley did not pay the $523.25 to Ivory, but on May 5, 1900,

about two and a half months after Rowley had received the money, Rowley paid Ivory $72, as the annual interest on the loan, and saw it indorsed on the note. There is in evidence a letter from Rowley to Ortmeier dated March 8, 1900, showing Rowley attended to some other business for Ortmeier. Rowley afterward died before his failure to pay the principal to Ivory was discovered. In May, 1901, Ivory wrote Ortmeier as follows:

" Just a few lines to inform you the interest is due on the twelve hundred dollars. We do not wish to hurry you as we know you were always a prompt pay, but we thought Mr. Rowley always dropped you a line, and as he is dead, we thought we would write you."

Receiving no answer, Ivory again wrote Ortmeier on June 12, 1901, as follows:

" I write to inform you that interest on your note of May 4, 1894, is past due, and as Mr. L. A. Rowley is dead, you will please send draft to my address as soon as possible."

The proofs show Ortmeier employed Rowley to get a loan for him, and paid him for getting this loan. Rowley never was employed or paid by Ivory, and Ivory never gave Rowley any authority to collect any money for him or to give any receipt therefor. Rowley never told Ortmeier he was agent for Ivory or had any authority from him to receive his money. Rowley never had possession of the note or mortgage after he delivered them to Ivory and received the $1,200 from Ivory. Ortmeier had the mortgage in his possession a day or more before he executed it and gave it to Rowley. It stated that Ivory lived in Galena. Ortmeier never called for or saw the note or mortgage when he made any payment to Rowley, nor did he ever inquire for Ivory, whom he knew to be his creditor. Rowley's letter to Ortmeier, dated May 3, 1899, acknowledging the receipt of the $772, indicated he did not have the note, for he did not say he had indorsed the payment on the note, but that he would have it so indorsed. When Ortmeier paid the $523.25 to Rowley personally in Rowley's office, the note was not present and Ortmeier did not

call for it.    Ortmeier never saw Ivory till they met in the court room at this trial.   Ortmeier did not make any payment at the Galena National Bank, where the note was payable.   We regard the facts as clearly establishing that Rowley was not Ivory's agent to collect any part of this money, and that there was nothing to justify Ortmeier in believing that Ivory had authorized Rowley to receive payments.   Ortmeier introduced proof of a few other loans by Ivory during prior years through Rowley, but Rowley did not collect any of these moneys for Ivory, and the course then pursued was not different from that followed in this case.   One of those parties paid the loan in Rowley's office, but not to Rowley.   Ivory was sent for and brought his note and received his money from the party. In no case did Ivory pay Rowley for any service.

Even if Rowley had been Ivory's agent to make the loan that would not establish authority to collect it.    Where the agent has possession of the note after it is due, authority to receive payment may be inferred, but in such case the debtor who makes payment to the agent in reliance upon an inference that he has authority to receive it must show that the note was in the agent's possession when the payment was made.    (Stiger v. Bent, 111 Ill. 328;  Fortune v. Stockton, 182 Ill. 454.)    This case is wholly different from Thornton v. Lawther, 169 Ill. 228, relied upon by defendant in argument, for there the agent had possession of the mortgagee's securities, and collected and reloaned them from time to time, with the approval of his principal. It is also unlike Noble v. Nugent, 89 Ill. 522, where the agent had collected and reloaned the moneys of his principal for five or ten years, and the principal came to his agent twice a year for a settlement with his agent, and received from his agent from time to time statements showing moneys collected for him, and received money from time to time as the agent reported it collected.   The proof there showed the agent had entire control of the collection of moneys for the principal for years, and established such a course of dealing as bound the principal by a pay-

ment to the agent which the latter failed to turn over to his principal. Nothing of that kind is shown here. Ivory has always had possession of his securities from the day he parted with his money, and that possession makes a case showing him entitled to collect them, which is not overcome by the proof in this record. Ortmeier unwisely intrusted Rowley with his money, and must look to his estate for reimbursement.

The decree directed that the costs be paid from the proceeds of the sale. It is argued that as Ortmeier had conveyed the premises before the bill was filed, Mrs. Ortmeier was not a necessary or proper party, and that the executor of Gerke's will was not a necessary or proper party, and that the costs incurred by reason of their presence as defendants ought not to be paid out of the proceeds of a sale. The record does not disclose that this point was raised in the court below, nor does it show what costs have been taxed. Moreover, so far as we can see from this record the total additional costs made by the presence of these two defendants do not exceed $1.45. Without determining whether said defendants were proper parties, we should let this decree stand on the principle *de minimis non curat lex*. McNutt v. Dickson, 42 Ill. 498.

The decree is affirmed.