NORMAN C. THOMPSON *et al.*

*v.*

MANSFIELD ELLIOTT.

1. AGENCY—*authority of agent to collect money.* An agent employed to make or negotiate a contract is not, as of course, to be treated as having an incidental authority to receive payments which may become due on such contract.

2. An agent intrusted to receive payment of a negotiable or other instrument, is ordinarily entitled to receive it only when and after it becomes due, and not before it becomes due; but if there be a known usage of trade or course of business in a particular employment, or habit of dealing between the parties, extending the ordinary reach of the authority, that may well be held to give full validity to the act.

APPEAL from the Circuit Court of Kankakee county; the Hon. NATHANIEL J. PILLSBURY, Judge, presiding.

This was a suit brought by N. C. Thompson & Co. against Mansfield Elliott, before a justice of the peace, upon a promissory note for $70, executed by Elliott, dated Clifton, July 24, 1865, payable to the order of Thompson & Co., at the office of G. E. Boucher & Co., Clifton, on or before Nov. 1, 1865. The defendant relied upon a receipt, of which the following is a copy:

222      THOMPSON *et al. v.* ELLIOTT.      [Sept. T.

Opinion of the Court.

" CLIFTON, *Aug.* 21, 1865.

" Received of Mansfield Elliott the sum of one hundred and thirty-five dollars, being payment of two notes held by Thompson & Co., Rockford, Ill., amounting to $135, with interest, notes due 1st October and 1st November, 1865.

" E. G. BOUCHER & Co.,<br>" Agents for Thompson & Co., Rockford."

The above receipt cancels the notes as mentioned above.

The notes referred to were given for a machine sold by Boucher & Co., as agents for Thompson & Co. The members of the firm of Boucher & Co. testified that the firm were authorized to execute the receipt for Thompson & Co. to Elliott, and that he executed the receipt, and that Elliott paid him the money. Thompson testified that Boucher & Co. were the agents of Thompson & Co., for specific purposes, but not to collect notes due them, and that they had no authority to execute the receipt to Elliott for Thompson & Co.

The defendant recovered a judgment for costs before the justice of the peace, and also in the circuit court, where the case was taken, by appeal, by the plaintiffs, who appealed to this court.

Mr. W. H. RICHARDSON, Mr. H. L. RICHARDSON, and Mr. WILLIAM LATHROP, for the appellants.

Mr. T. S. SAWYER, and Mr. WILLIAM POTTER, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

We do not conceive that the question involved in the present case is so much one of law as of fact. The doctrine is pretty well settled, and is not controverted by appellee, that an agent employed to make or negotiate a contract is not, as of course, to be treated as having an incidental authority to receive payments which may become due on such contract. And it is further laid down by the authorities, that "an agent, intrusted to receive payment of a negotiable or other instrument, is ordi-

narily deemed entitled to receive it only when and after it becomes due, and not before it becomes due; but if there be a known usage of trade or course of business in a particular employment, or habit of dealing between the parties, extending the ordinary reach of the authority, that may well be held to give full validity to the act." Story on Agency, § 98; Paley on Agency, by Lloyd, 290, 291.

McRea, the active member of the firm of E. G. Boucher & Co., and the person to whom the note in controversy was paid, swears that they had general authority to receive collections on notes due the plaintiffs; that the written contract between plaintiffs and E. G. Boucher & Co. was, in this respect, departed from; that when they held notes which were paid to him, he would write the plaintiffs that the payment had been made, and send the money by express, so they could return the note to him or send it to the maker. The fact that the note was made payable at the office of E. G. Boucher & Co., justified the defendant in going there for the purpose of making payment, and McRea swears positively, not only that the receipt executed in the name of E. G. Boucher & Co., showing that the note had been paid, was executed by him as a member of the firm of E. G. Boucher & Co., but that he was authorized by the plaintiffs to execute it.

Notwithstanding the conflict, in some material respects, between the evidence of the plaintiffs and that of the defendant in regard to the authority of Boucher & Co. to receive payment of the note at the time it is shown to have been paid, we are unable to say that it preponderates so decidedly in favor of the plaintiffs as to justify us in setting aside the verdict of the jury.

The judgment is affirmed.

*Judgment affirmed.*