state, for corporation or county purposes; that is to say, the intention of the act of 1874 was to declare that no corporation, or county, should assess a tax of twenty-five per cent. or other rate, on the *specific* tax of $10 00, for corporation or county purposes, leaving the defendant, as a corporation, to tax *business* transacted within its limits under its special grant for the purpose as it theretofore had done; that was all the act of 1874 intended to do, and that was all that it did do. If *the business* of the complainants is not sufficient to authorize them to pay the tax of $25 00 imposed thereon by the ordinance of the city, they are not compelled to transact or offer to transact *that business* within the limits of the corporation, but if they do, then they are bound as law-abiding citizens to pay it.

2. That section of the ordinance which requires that a firm or copartnership carrying on business jointly in the same establishment as partners shall pay but one tax on that business, is right in principle, but would be wrong, unjust, and unequal, if each partner was to be taxed separately on the business of the copartnership. The injunction in this case, to restrain the collection of the tax, was granted without authority of law, and in violation of the law.

Let the judgment of the court below be reversed.

---

G. P. GUILFORD &. COMPANY, plaintiffs in error, *vs.* F. A. STACER, defendant in error.

1. The inference that an agent is authorized to collect a written security for a debt because it is in his custody, ceases when the security is withdrawn by the creditor; and this, even though the debt may have been contracted through the agent.

2. If the debtor pay such a claim to one who is not in possession of the security, it is incumbent on him to show that the person receiving payment had authority to collect the debt.

Principal and agent.   Debtor and creditor.   Promissory notes.   Payment.   Before Judge POTTLE.   Hancock Superior Court.   October Adjourned Term, 1873.

Guilford & Company, through their agent, William Stanford, sold to Stacer a piano, stool and cover, taking his note therefor. This instrument was sent to plaintiffs. After its maturity they instituted suit thereon. The defendant pleaded payment in full to Stanford, the agent. The jury found for the defendant. The plaintiffs moved for a new trial, upon the ground that the court refused to charge the jury "that if they believed that after the piano had been sold and the note given by Stacer to plaintiffs and turned over to them, that Stanford's agency had ceased as to that transaction, and that defendant had such evidence before him as to induce him to believe it, you should find for the plaintiffs."

And also because the court charged the jury, in substance, that the defendant was not liable if Stanford was a general agent, with power to sell and to take money in payment for sales, which fact they must determine from the testimony. That if Stanford sold any other pianos and took pay in part, and afterwards, the principals in Macon, through their book-keeper, received the balance of the debt without objection, they might consider that as a ratification of that act of Stanford, and they might look to that circumstance in determining whether he was such general agent.

The motion was overruled, and plaintiffs excepted.

E. F. BEST, for plaintiffs in error.

C. W. DuBose; GEORGE F. PIERCE, Jr., for defendant.

TRIPPE, Judge.

1. This case comes fully within the decision rendered this term in *Howard & Soule vs. G. L. Rice*. The authorities therein cited establish the following positions : The inference that an agent is authorized to collect a written security for a debt because it is in his possession, ceases when the security is withdrawn by the creditor; and this even though the debt has been contracted through the agent.

2. If the debtor pay such a claim to one who has not the

custody of the security, it is incumbent on him to show that the person receiving payment had authority to collect the debt. Under these principles, which largely control the case, the court should have granted the new trial.

Judgment reversed.

JAMES P. SIMMONS, plaintiff in error, vs. GEORGIA V. MARTIN, administratrix, defendant in error.

Where it is sought to enjoin the enforcement of a common law judgment on the ground that the complainant was prevented from making his defense to the suit in which the same was rendered, by mistake, oversight, etc., due diligence must be shown, and the facts set forth demonstrating how such omission occurred.

Equity. Injunction. Judgments. Before Judge RICE. Gwinnett County. At Chambers. April 20, 1875.

The principle of law enunciated is sufficiently clear without the report of any facts additional to those stated in the decision.

JAMES P. SIMMONS, for plaintiff in error.

N. L. HUTCHIN; F. F. JUHAN, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendant praying for an injunction to restrain the collection of a common law *fi. fa.* issued on a judgment obtained against the complainant. The presiding judge refused the injunction prayed for, and the complainant excepted. This is the third time this case has been before this court. The complainant insists that he has been prevented from making his defense to the suit at law against him, by mistake, oversight, unintentional, undiscovered and accidental omission and surprise, as he has alleged and set forth in his bill. The general rule is that