## DRAPER v. RICE.

1. **Principal and Agent:** PROMISSORY NOTE: PAYMENT. Authority to sell property as agent, and take a note therefor in the name of the principal, does not include authority to receive payment of the note after it has been delivered to the principal.

2. **Promissory Note:** EVIDENCE TO VARY TERMS OF: PAYMENT. The maker of a note cannot show, as a defense thereto, that he has paid it to another than the payee, in accordance with a contemporaneous parol agreement, differing in its terms from the note.

*Appeal from Linn Circuit Court.*

SATURDAY, APRIL 23.

ACTION upon a promissory note for $23. Defendant pleaded payment. Judgment for plaintiff. Defendant appeals.

*J. T. Rice* and *Geo. W. Wilson*, for appellant.

*Mills & Keeler*, for appellee.

ADAMS, CH. J.—The note was made payable to the plain-
tiff, or bearer. It was given in part payment for a melodeon
which was sold to the defendant as the property
of the plaintiff. The trade was negotiated by
one Jacobs, who took the note and delivered it to
the plaintiff. Afterwards the defendant paid the amount of
the note to Jacobs, but he did not get the note up because it
was in the possession of the plaintiff. The payment was
made on the strength of Jacobs' statement that he was the
agent of the plaintiff and was authorized to collect the note,
and would obtain it of the plaintiff and deliver it to the
defendant.

*1. PRINCIPAL and agent: promissory note; payment.*

Jacobs was not, in fact, the plaintiff's agent at the time of
the payment, and plaintiff never received the money paid.
The defendant, however, contends that while this may be so,
he was justified in assuming that Jacobs was the plaintiff's
agent, because the plaintiff in receiving the note had recognized
him as such.

The precise question certified for our decision is in these
words: "When the plaintiff, as payee, seeks to recover on
the note, can the defendant, Rice, maintain his defense of
payment made to the assumed agent, Jacobs, in pursuance of
the agreement made by said agent to obtain the note, although
the said agent was acting without authority, as shown in this
case."

As showing that such defense can be maintained, the de-
fendant relies upon *Eadie, Guilford & Co. v. Ashbaugh*, 44
Iowa, 519. But that case is not in point. It would, at
most, only have the effect to show that the plaintiff, in ac-
cepting the note, made Jacobs his agent in the transaction
out of which the note grew. But that agency would not, we
think, extend to the matter of payment. Authority to sell a

piece of property as agent, and take a note for it in the name of the principal, would not, of itself, include the authority to receive payment. Had the note sued on been entrusted to Jacobs by plaintiff, although for some purpose other than collection, the case might be different.

It must be seen at once that the rule contended for would be a pernicious one. No person could, with safety, employ an agent to take a promissory note, if payment made to the agent at any time afterward were to be held payment to the principal, the agency having, in fact, been terminated, and the note remaining in the hands of the principal.

In our opinion the court did not err in rendering judgment for the plaintiff.

AFFIRMED.

### SUPPLEMENTAL OPINION.

In a petition for re-hearing in this case, the appellant insists that the case cannot be distinguished from *Eadie, Guilford & Co. v. Ashbaugh.* It is said that when the opinion concedes that the acceptance of the note by the plaintiff had the effect to show that the plaintiff made Jacobs his agent in the transaction out of which the note grew, the opinion concedes, virtually, the appellant's whole position, for it is said that the evidence shows that in the transaction out of which the note grew, it was agreed between the defendant and Jacobs that the note should be paid in the use of livery to be furnished to Jacobs, and that it was so paid.

2. PROMISSO-RY NOTE: payment: evidence to vary terms of.

The note, by its terms, however, was made payable to the plaintiff in money. It is not allowable to show that by a parol contemporaneous agreement the note was not to be paid to the plaintiff in money, but to a different person, and in a different way.

In *Eadie, Guilford & Co. v. Ashbaugh,* the defendant set up a warranty for the machine for which the note was given. The only question was as to whether the warranty should be

considered as made by the plaintiff's agent. If so, it was, of course, allowable. to show it, whether made by parol or writing. The petition for a re-hearing must be overruled.