J. F. SEIBERLING v. JOHN DEMAREE, ADMINISTRATOR, ETC.

[FILED NOVEMBER 20, 1889.]

Negotiable Instruments: AUTHORITY TO RECEIVE PAYMENT. In an action on a promissory note, the execution, delivery, and consideration of the note were admitted by the defendant, who pleaded payment; there was evidence that the note was given in part payment for a reaping machine, sold by the plaintiff to the defendant through the agency of N. & M., who forwarded the note to the plaintiff; that about the time the note matured defendant paid the amount due thereon to N. & M., who informed him that they did not have the note, but would send and get it and forward it to him, which they failed to do; there was no evidence of authority or agency on the part of N. & M. to receive pay-

ment of the note for the plaintiff, nor of ratification of such payment by him.   An instruction by the court submitting to the jury to find such authority or agency, *held*, error.   The jury should have been directed to find for the plaintiff.

ERROR to the district court for Lancaster county.   Tried below before FIELD, J.

*T. C. Munger*, and *W. H. Snelling*, for plaintiff in error:

Defendant in error was bound to see that the agents had his note in their possession ( *Williams v. Walker*, 2 Sandf. Ch. [N. Y.], 325, [359]; *Osborne v. Kline*, 18 Neb., 344–7–9); especially would this be true in case of payment before maturity, as it would be the maker's duty to guard against a sale by the holder to an innocent purchaser. (*Coffman v. Bank*, 41 Miss., 212; *Davis v. Miller*, 14 Gratt. [Va.], 7.)   Having failed in this regard, defendant in error's payment does not discharge him. (*Howard v. Rice*, 54 Ga., 52; *Paris v. Moe*, 60 Id., 90 ; *Wheeler v. Guild*, 20 Pick. [Mass.], 545; *Smith v. Kidd*, 68 N. Y., 130; Daniel, Neg. Inst. [3d Ed.], sec. 1227; Randolph, Com. Paper, sec. 1450.)

*Pound & Burr*, for defendant in error:

The question of the agent's authority to receive payment was the only one at issue, and was properly submitted to the jury, which found in favor of such authority.

COBB, J.

The cause is brought to this court on error to the district court of the county of Lancaster.

The plaintiff in error complained against the defendant in the court below on the following promissory note :

"LINCOLN, July 14, 1881.

"On or before the first day of January, 1883, L. Kinchcloe, of Lincoln postoffice, county of Lancaster, state of

Nebraska, promise to pay to the order of J. F. Seiberling, of Akron, Ohio, with exchange or express charges, seventy-five dollars, with interest from date at the rate of ten per cent per annum, and for value received I ? hereby with the payee hereof, that if judgment is rendered hereon that any and all personal property I may have when execution is issued on such judgment may be levied on and sold to satisfy such judgment, hereby expressly waiving all rights to such property under exemption laws of this state. Payable at office of Marsh Bros., Mosher & Co.; a discount of——if paid when due.

"For the purpose of obtaining credit I, L. Kincheloe, hereby certify that I own in my own name in fee simple 80 acres of land in section 31, town 9, range 7, county of Lancaster, state of Nebraska, with 70 acres improved, worth $1,000, which is not incumbered by mortgage or otherwise except $........ I own $500 worth of personal property over and above all indebtedness and exemptions. For value received I, the undersigned, do hereby sell and mortgage unto the payee hereof one Empire Reaper Mower combined. Provided, that if the undersigned shall pay the said debt, then this mortgage shall be void. In case of default I authorize the said mortgagees to seize and sell the said property and pay the said debt with expenses incurred; or if the mortgagees shall at any time feel unsafe or insecure, then they may seize and sell the property; if from any cause said property shall fail to satisfy said debt and expenses, I covenant and agree to pay the deficiency.

"LAWRENCE KINCHELOE."

No part of said note has been paid and there is now due the plaintiff thereon the sum of $75 with interest at ten per cent per annum from July 16, 1881, and the plaintiff prays judgment for the sum of $120 and costs.

The defendant answered, denying each and every allegation of the petition, except such facts as therein admitted specially to be true, to-wit, the making, execution, and

delivery of the note as mentioned, but says that the said note is fully paid and discharged, and should be canceled and delivered to this defendant, etc.

The plaintiff replied, denying that the note had been paid or discharged, or any portion thereof.

There was a trial to a jury with verdict for the defendant, and a motion to set aside the verdict, and for a new trial, which was overruled, with judgment for defendant's costs.

To all of which the plaintiff excepted on the record and brings the case to this court for review on the following assignment of errors:

1. The court erred in admitting in evidence the receipt given by Nahrung & Meyer to defendant.

2. In giving instructions 2 and 3 to the jury on its own motion.

3. In refusing to give 1, 2, and 3, asked by plaintiff.

4. The verdict is not sustained by sufficient evidence, is contrary to law, and ought to have been set aside on the plaintiff's motion for a new trial.

The cause was tried in the lifetime of Lawrence Kincheloe, the defendant, who, being produced as a witness in his own behalf, testified that he gave the note sued on in part payment for a machine which he bought of plaintiff; that he bought it in a house on "O" street; that he bought it from Mr. Nahrung. In answer to the question, "Who did you buy it from?" he answered, "from Mr. Nahrung;" that he bought the machine and gave the note July 14, 1881; that on the 1st day of August, 1882, he paid the note and interest to Nahrung at the same place; that he paid him $83.15, and took a receipt therefor, signed Nahrung & Meyer, which was produced in evidence; that at the time that he paid the money and took the receipt Mr. Nahrung told him that he did not have the note there at that time, but that he would take the money and give him a receipt and would send him the note in a week or two;

that he would send and get the note and send it to him at
Saltillo; that he never did send it, and when he came to
town some time afterwards to see him he had sold out
where he was doing business, and had left.

The deposition of the plaintiff was read in his own be-
half. He testified that he was the owner of the note, de-
scribing it; that neither the whole or any part of it had
ever been paid to him; that he had never authorized any
one to collect the said note or receive the money thereon
except Marsh Bros., Mosher & Co., and W. H. Snelling,
attorney; that he never had any business relations with
Nahrung & Meyer, of Lincoln, Neb., except as agents to
sell machinery and take notes in payment thereof; that
they had no authority to collect notes after the same were
taken.

The following instruction was given to the jury by the
court, and excepted to by the plaintiff:

"3. If you find from the evidence that the defendant
paid Nahrung & Meyer the amount of the note in question
you are instructed that such payment would not of neces-
sity release the defendant, but you must then inquire
whether or not the evidence shows that said Nahrung &
Meyer had authority from the plaintiff to collect said note.
The burden of proof is upon the defendant to show such
authority by a preponderance of evidence. If you find from
the evidence that Nahrung & Meyer had such authority
from the plaintiff, then your verdict should be for the de-
fendant. If the evidence fails to show such authority in
Nahrung & Meyer, then your verdict should be for the
plaintiff for the amount of the note and interest to date."

Instructions were requested by the plaintiff, but it is not
deemed necessary to set them out.

Had there been evidence tending to prove or show au-
thority or agency on the part of Nahrung & Meyer to col-
lect the said note or to receive money thereon for the
plaintiff, the instruction above copied would have been

proper; but there was no evidence upon which authority or agency could be found by the jury. The evidence of the defendant himself taken in connection with the note sued on showed that the authority and agency of Nahrung & Meyer extended only to selling the machine and taking the note, when it terminated absolutely. The note was made payable at a bank quite disconnected with Nahrung & Meyer. Indeed there was no circumstance connected with the case which amounted to the slightest legal evidence of authority or agency on the part of Nahrung & Meyer to receive payment of the note. The giving of the instruction was error. Instead of giving it the court should have directed a verdict for the plaintiff.

The judgment of the district court is reversed and the cause remanded to that court for further proceedings.

REVERSED AND REMANDED.

THE other Judges concur.