RUSSELL HALL v. CHARLES W. SMITH *et al.*

No. 86.

PROMISSORY NOTE—*Payment at Unauthorized Bank.* The indorsee and holder of a negotiable note payable at a particular bank is not bound by a payment made at a different place to another person who does not have possession of the note, and who is not shown to have any authority from the holder and owner to represent him in the collection of the same.

MEMORANDUM.—Error from Norton district court; G. WEBB BERTRAM, judge. Action by Russell Hall against Charles W. Smith and others to recover on a note and mortgage. Judgment for defendants. Plaintiff brings the case to this court. Reversed. The opinion herein, filed May 5, 1896, states the material facts.

*L. H. Wilder,* for plaintiff in error.

*C. A. Lewis,* and *L. H. Thompson,* for defendants in error.

The opinion of the court was delivered by

GARVER, J. : This controversy is as to the payment of the note and mortgage which are the basis of the action. The note was made by the defendant Charles W. Smith, under date of September 1, 1886, for the payment of $800 to the Iowa Mortgage Company, or bearer, five years after date, with semiannual payments of interest according to attached interest

coupons. The principal and interest were, by the provisions of the note and coupons, payable at the United States Bank, at Hartford, Conn. The Iowa Mortgage Company was a Connecticut corporation. In October, 1886, said note and the mortgage securing the same were transferred and delivered by the Iowa Mortgage Company to the plaintiff, Russell Hall, a resident of Meriden, Conn. The interest coupons up to and including March 1, 1891, were paid as they matured, and the sums so paid were received by the plaintiff. On December 14, 1892, this action was instituted by the plaintiff, as the holder and owner of the note and mortgage, alleging the nonpayment of the principal, and interest from March 1, 1891. The defendants pleaded payment. Upon a trial by jury, the issue thus made was determined in their favor and judgment rendered accordingly.

The decision of this case turns upon the determination of a question of fact. An examination of the record, which contains all the evidence introduced upon the trial, shows that there is no conflict in the evidence. The only matter, therefore, to consider is, whether the facts proved sustain the verdict. The evidence shows very clearly that the defendants paid the full amount of the principal and interest of the note sued on, about the time the same matured, to the Nebraska and Kansas Farm Loan Company, a Nebraska corporation engaged in the money-loaning business. On the part of the defendants, it is claimed that the said company was the agent of Hall, duly authorized by him to collect and receive payments of the principal and interest of said note. On the other hand, the plaintiff says that said company was not his agent, that he never had any connection with it in any matter, and did not know it in any way. The

issue was thus narrowed to the simple question, Was the plaintiff bound by the payments made by the defendants to the Nebraska and Kansas Farm Loan company? It is not claimed that the money so paid on account of the principal of the note and the last interest coupon ever reached the plaintiff. The record, therefore, presents simply another of the too numerous cases where one of two innocent parties must suffer because of the dishonesty of a third, to whom money was paid for the discharge of a mortgage indebtedness. It is evident that the Nebraska company misappropriated the money received and betrayed the trust reposed in it. The question is, Which of these parties shall suffer therefrom?

A significant fact to be observed at the threshold of this case is, that the principal and interest of the note were to be paid at Hartford, Conn. The plaintiff, as holder of the note, could safely rely upon that stipulation, and deposit the interest coupons as they matured at the United States Bank in Hartford for payment. It was immaterial to him through what agency the parties paying transmitted their money to that bank. As the risk of such transmission was theirs, to them belonged the right to choose the agency therefor. Before the plaintiff could be bound by a payment elsewhere made, or be held responsible for the proper remittance to him of money paid to another party, it must appear that the payment so made was authorized by him; and the burden of establishing such fact rests upon the party claiming the benefit of it. Hence, in this case, to establish their defense, it was necessary for the defendants to show the authority of the Nebraska and Kansas Farm Loan Company to represent and bind the plaintiff in the collection of this loan. This agency or authority may, of course,

be established in a variety of ways. It is not essential that it be proven by any formal written instrument, nor even by a special oral contract. It may be inferred from the mutual conduct and relations of the parties, or from the general nature of the transactions in which they were concerned and the circumstances surrounding them. But in no case can agency be established without showing some connection between the principal and the claimed agent, from which may be reasonably inferred authority from the principal to do the act for which it is sought to hold him responsible. In such cases as the one at bar, "the general rule is, unless express authority is established *aliunde*, that the possession of the securities by the agent is the indispensable evidence of his authority to collect the principal, and that whoever pays the agent without that evidence does so at his own risk." (*Cowles v. Burns*, 28 Kan. 32, 38.) See, also, *Draper v. Rice*, 56 Iowa, 114; *Lumber Co. v. Littlejohn*, 31 Neb. 606; *Crane v. Gruenwald*, 120 N. Y. 274.

It is also generally held that mere evidence of authority to receive payment of the interest as it becomes due and payable does not prove authority to receive payment of the principal of a negotiable note or bond of which the one to whom payment is made does not have possession.

Under any rule that may be adopted, we think there is an entire failure of evidence in this case to show that the Nebraska and Kansas Farm Loan Company had authority of any kind whatever to represent the plaintiff as the holder of the note and mortgage in question. A careful examination of the record fails to disclose any testimony which tends, even remotely, to show that the plaintiff had any knowledge or notice of what that company was doing. It does not appear that he knew,

or should have known, how the several interest payments received by him were transmitted. On the part of the defendants, it is shown that the Nebraska company represented the Iowa Mortgage Company in taking the mortgage from the defendants and making them the loan, and that the interest and principal were paid to said company simply because, from time to time, notices were received from it notifying the defendants of the payments due, and requesting them to remit to said company. The evidence also shows that it was agreed between the Iowa Mortgage Company and the Nebraska company that the latter was to collect and remit the interest on mortgages taken by it for the former company. This, however, can be of little importance as against the holder of negotiable paper which is expressly made payable at a certain bank, as was the fact in this case. This note remained in Hall's hands, the Nebraska company not having possession of either note or coupons when the payments for which credit is claimed were made. If that company represented any one in the matter of these payments, it, in law, must be held to have been the agent of the defendants. For its action the plaintiff is not responsible. The payments were made at the risk of the defendants. We are of the opinion, therefore, that there is an entire failure of evidence to establish the fact of agency as alleged by the defendants, and upon which their defense depends. The plaintiff's motion for a new trial should have been sustained.

The judgment must therefore be reversed, and the case remanded for further proceedings in accordance with the views expressed in this opinion,

All the Judges concurring.