Decided 4 December, 1899.

<strong>RHODES <em>v.</em> BELCHEE.</strong>

[ 59 Pac. 117.]

1. NOTES—PAYMENT TO AGENT—BURDEN OF PROOF.—Where payment of a note was made to an agent, who did not have possession thereof at the time of payment, the burden of proof is on the maker to show that the agent had authority to receive payment: *Long Creek Bldg. Assoc.* v. *State Ins. Co.* 29 Or. 570, followed.

2. AUTHORITY OF AGENT TO RECEIVE PAYMENT OF NOTE.—The fact that an agent is selling another's goods, with authority to take notes therefor in the name of his principal, will not authorize such agent to receive payment of such notes after he has parted with the possession thereof.

From Sherman : W. L. BRADSHAW, Judge.

Erastus Rhodes, as receiver of P. Weyhrich & Company, brought two actions, one against Charles H. Belchee and one against J. F. Belchee, to recover on certain promissory notes. Defendants each had judgment, and the two cases are now reported under one head.
                                                    REVERSED.

For appellant there was a brief over the name of *Dufur & Menefee*, with an oral argument by *Mr. E. B. Dufur*.

For respondents there was a brief over the names of *J. B. Hosford* and *Huntington & Wilson*, with an oral argument by *Mr. Bela S. Huntington*.

### First Case.

Mr. Justice Bean delivered the opinion.

This is an action brought by the plaintiff, as receiver of P. Weyhrich & Company, formerly engaged in the manufacture of agricultural implements at Pekin, Illinois, to recover on two promissory notes, for $175 each, executed by the defendant on July 25, 1889, and made payable to the order of Weyhrich & Company, at The Dalles, Oregon, November 1, 1890, and November 1, 1891, respectively. The facts are that in 1889 Mitchell, Lewis & Company, of Portland, were the general agents of Weyhrich & Company in this state for the sale of their machinery, and, as such, made sales thereof through local agents at various points in Eastern Oregon, among whom were Filloon Brothers, of The Dalles, who on July 25, 1889, sold to defendant certain farming machinery manufactured by and belonging to Weyhrich & Company, taking therefor the notes upon which this action is based. Immediately thereafter the notes were forwarded to Weyhrich & Company, at Pekin, Illinois, and afterwards came into the hands of plaintiff, as receiver, and were by him placed with several banks for collection, but they were never in the possession of Filloon Brothers after being forwarded to Weyhrich & Company. When the notes matured, the defendant paid the amount thereof to Filloon Brothers, and sets up such payment as a defense to this action, alleging that they were at that time, and for a long

period prior thereto had been, the acting agents of Weyhrich & Company, and as such were authorized to receive payment of the notes. A verdict and judgment having been rendered in favor of the defendant, the plaintiff appeals.

1. It being admitted that Filloon Brothers were not in possession of the notes at the time of the alleged payment, the burden of proof is on defendant to show that they had authority from Weyhrich & Company to receive such payment : *Long Creek Bldg. Assoc.* v. *State Ins. Co.* 29 Or. 569 (46 Pac. 366) ; *Guilford* v. *Stacer,* 53 Ga. 618 ; *Smith* v. *Kidd,* 68 N. Y. 130 (23 Am. Rep. 157).

2. And the mere fact, if it was a fact, that they were Weyhrich & Company's agents for the sale of machinery, with authority to take notes therefor in the name of their principal, did not authorize them to receive payment of such notes after they had parted with the possession thereof : *Cooley* v. *Willard,* 34 Ill. 68 (85 Am. Dec. 296); *Thompson* v. *Elliott,* 73 Ill. 221 ; *Strachan* v. *Muxlow,* 24 Wis. 21 ; *Draper* v. *Rice,* 56 Iowa, 114 (7 N.W. 524, 41 Am. Rep. 88).

Now, there was no evidence given or offered on the trial tending to show that Filloon Brothers had either express or implied authority from Weyhrich & Company to receive payment of the notes in suit, or any general authority to collect notes belonging to them, or that they had been held out to the world as possessing such authority ; but it is sought to show the authority from a custom which the defendant claims to have existed in Eastern Oregon at the time of the execution and alleged payment of these notes, by which, as his counsel states in his brief, "manufacturers of farm machinery sent their wares to their general agents in Portland, who, in their turn, sent them to local dealers in Eastern Oregon to be sold. The local dealers sold the machinery, usually

taking notes in payment therefor, which notes they guar-
antied, and sent to the general agents. As the notes ma-
tured they were returned to the local agents who had sold
the machinery, and they ˙collected the money thereon,
and remitted it to the general agents, acting as the agent
for the collection of the notes.'' And, while there are
numerous assignments of error in the record, arising
upon objections to the admission of testimony tending to
show this alleged custom, and upon instructions to the
jury in reference thereto, the sole point in the case is
whether proof of such a custom would be sufficient evi-
dence of the authority of Filloon Brothers to receive pay-
ment of the notes upon which this action is based, with-
out having them in their possession.

It is a general rule of law that, if money be due on a
negotiable promissory note, it is the duty of the debtor,
before paying the same, to see that the person to whom
he pays is in possession of the note, and whoever pays
without such evidence of the right to make the collection
does so at his own risk, unless he can prove that such
right actually existed at the time of payment: *Smith* v.
*Kidd*, 68 N. Y. 130, 138 (23 Am. Rep. 157). A custom
or usage such as is claimed in this case would perhaps
be sufficient proof of the authority of an agent who had
possession of the notes to make the collection, but the ad-
mitted facts do not bring the case within the alleged cus-
tom. It will be noted that it is one of the essential and
controlling facts going to make up such a custom that the
note should be returned to the local agents for collection,
and there was no evidence given or offered tending to
show that under this or any other custom a local agent
for the sale of machinery had a right to make collection
of the notes taken therefor in the name of his principal,
unless he had them in his possession at the time. Ac-
cordingly it was error in the trial court to admit in evi-

dence proof of the alleged custom, and to instruct the
jury that if they believed it was the custom, in the gen-
eral course of business, for the general agents of farm
machinery in Portland to ship the machinery received by
them from the manufacturers to the local agents doing
business in the towns of Eastern Oregon, and through
such local agents to sell such machinery and implements,
and to authorize such local agents to take notes in pay-
ment thereof, and to collect the notes when due, they
must find for the defendant, because the admitted and
undisputed facts did not bring the case within the cus-
tom.    It follows that the judgment of the court below
must be reversed, and the cause remanded for such further
proceedings as may be proper, not inconsistent with this
opinion.                               REVERSED.

## SECOND CASE.

MR. JUSTICE BEAN delivered the opinion.

This is an action upon two certain promissory notes, of
date July 1, 1889, executed by the defendant to P. Weyh-
rich & Company, for farming machinery belonging to
them and sold to the defendant by a local dealer at The
Dalles.    The defense is an alleged payment of the notes
in suit to such local dealer, who did not at the time have
possession thereof.    The facts are substantially the same
as in the case of *Rhodes* v. *Belchee* (just decided), except
that, when the notes upon which this action was brought
matured, the defendant executed and delivered to Filloon
Brothers, his note for $692.16 in payment of the two notes
and other indebtedness due them.    This latter note was
guaranteed by Filloon Brothers, and by them turned over
to Mitchell, Lewis & Company, of Portland.    When it be-
came due, it was indorsed by Mitchell, Lewis & Company
to French & Company, Bankers, of The Dalles, and was

36 OR.—10.

thereafter paid by the defendant. There was, however, no proof given on the trial tending to show any authority from Weyhrich & Company, the holders and owners of the notes sued on, to either Mitchell, Lewis & Company or Filloon Brothers, to receive payment thereof without having possession of the notes; and, as in the *Charles H. Belchee Case*, it was sought to show such authority by proof of the alleged custom referred to in the opinion in that case. The questions involved in the two cases were therefore identical, and the opinion in the *Charles H. Belchee Case* is controlling in this; and for the reasons there given the judgment is reversed and the cause remanded.                                        REVERSED.